By the Court.
Pierrepont, J.
—The referee evidently regards the relation of Thomas Jackson to Frances, so far as relates to this business, the same as though the two were strangers to any alliance, and one the mere agent of the other.
*483 Such is not our view of the meaning of the statutes relating to married women. The parties were husband and wife living together. It does not appear that the wife had a separate estate from which she derived an income; and it does appear that she advanced no money whatever in the business.
The husband carried on the business, and it was his, and not that of his wife. Signing the contract of March, 1851,
“F. Jackson,”
“ Per Thos. Jackson, Att’y,”
did not in legal view make the business which Thomas Jackson carried on under the agreement, the separate business of his wife.
The items in the defendant’s account, which the referee rejects, were mostly cash advances made by the defendant, (in the course of the business,) to Thomas Jackson.
A construction of the acts of 1848 and of 1849 has been given by this Court, quite inconsistent with the rulings of the referee in this case. (Switzer v. Valentine, 4 Duer, 96; Freeman v. Orser, 5 Duer, 476.) *
This fundamental error in considering it the sole and separate business of the wife, in which the husband was but a mere agent, having no personal interest, runs through the entire case.
A new trial must be granted, with costs to abide the event.
Rule of reference discharged.
Judgment accordingly.

 See Burger v. White, 2 Bosw., p. 92.